E-FILED
Wednesday, 04 February, 2015 02:51:10 PM
Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| CHANTIERA THOMPSON,<br>    Plaintiff,<br><br>v.<br><br>TODD A. STRONG and SEAN OSWALD,<br>    Defendants. | Case No. 1:15-cv-01061-JES-JEH |

### Order

Federal courts are "courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v Guardian Life Insurance Co of America*, 511 US 375, 377 (1994), quoted by *Exxon Mobil Corp v Allapattah Services, Inc*, 545 US 546, 552 (2005). Their jurisdiction is generally defined in 28 USC § 1331 and § 1332. It is presumed that a cause lies outside the limited jurisdiction, *Kokkonen*, 511 US at 377, and it is a plaintiff's obligation to plead sufficient information so that the court may determine whether the subject matter of the dispute may be brought within that limited jurisdictional purview.

A review of Plaintiff's complaint in this matter reveals no apparent basis for this Court to exercise its jurisdiction over this dispute. Although the case was filed as a civil rights case (using a form Pro Se Civil Rights Complaint (Non-Prisoner)), there are absolutely no allegations included in the Complaint, and so the question of whether the Court has jurisdiction simply cannot be answered.

In this case, the Complaint only provides that Defendant Oswald "personally participated in causing my injury, and I want money damages," and that as a result of the Defendants' conduct, she lost her home, she is trying to care

for the needs of Larry Dudley, Jr. "due to accident," she is totally stressed, and she lost personal belonging and relationships. (Doc. 1 at pgs. 2, 6). Defendants are two attorneys. There is nothing in the Complaint, given the lack of allegations, from which it might be inferred that this is a civil rights case over which the federal court would have jurisdiction. Simply put, it appears to the Court that subject matter jurisdiction is lacking.

Rather than dismissing the case, however, the Court will allow the Plaintiff one opportunity to amend her complaint in a manner that makes the basis of jurisdiction clear. The Plaintiff has leave to file, within 21 days of this date, an amended complaint, setting out the basis for this Court's jurisdiction over the subject matter of this dispute. Failure to file such complaint will result in dismissal of this lawsuit for lack of jurisdiction.

Entered on February 4, 2015.

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE
